FILED

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **REMBRANDT DATA TECHNOLOGIES, LP** | 2008 SEP 26 P 1: 44 |
| **Plaintiff,** | CLERK US DISTRICT COURT<br>ALEXANDRIA, VIRGINIA |
| **v.** | C.A. No. 1:08 CV 1009<br>GBL / IDD |
| **AOL, LLC.; CAVALIER TELEPHONE, LLC; THE<br>BRINK'S COMPANY; BRINK'S HOME SECURITY,<br>INC.; ADT SECURITY SERVICES, INC.; DIRECTV,<br>INC.; HEWLETT-PACKARD COMPANY; CANON<br>U.S.A., INC.; CANON BUSINESS SOLUTIONS, INC.<br>and CANON INFORMATION TECHNOLOGY<br>SERVICES, INC.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Rembrandt Data Technologies, LP ("Rembrandt")
alleges against the Defendants as follows, all upon Rembrandt's best information and
belief:

## THE PARTIES

1. Plaintiff Rembrandt is a Virginia limited partnership with offices at 1655
North Fort Myer Drive, Suite 700, Arlington, VA 22209.

2. Defendant AOL LLC is a limited liability company organized under the laws
of the State of Delaware with a principal place of business in this District at 22000 AOL
Way, Dulles, VA 20166. It is a subsidiary of AOL Holdings LLC, which is a subsidiary
of TW AOL Holdings Inc., which is a subsidiary of Time Warner Inc., a corporation
organized under the laws of the State of Delaware. Defendant AOL LLC is hereafter
referred to as "AOL." Defendant AOL is registered to do business in the Commonwealth

of Virginia as a foreign business entity, and its Registered Agent is Corporation Service Company, 11 S. 12th Street, P.O. Box 1463, Richmond, Virginia 23218.

3.   Defendant Cavalier Telephone, LLC, is a Virginia limited liability company with principal place of business in this District at 2134 West Laburnum Avenue, Richmond, Virginia 23227 and also offices at 1319 Ingleside Road, Norfolk, Virginia 23502.  Defendant Cavalier Telephone, LLC is registered to do business and does business in the Commonwealth of Virginia as a domestic business entity, and its Registered Agent is Corporate Service Company, 11 S. 12th Street, Richmond, Virginia 23218. Defendant Cavalier Telephone, LLC is hereafter referred to as "Cavalier."

4.   Defendant The Brink's Company is a corporation organized under the laws of the Commonwealth of Virginia with a principal place of business in this District at 1801 Bayberry Court, P.O. Box 18100, Richmond, Virginia 23226-8100.  Defendant Brink's Company is registered to do business and does business in the Commonwealth of Virginia as a domestic business entity, and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

5.   Defendant Brink's Home Security, Inc. is a wholly owned subsidiary of The Brink's Company, and is a corporation organized under the laws of the State of Texas with its principal place of business at 8880 Esters Blvd., Irving, Texas 75063. Defendant Brink's Home Security, Inc. is registered to do business in the Commonwealth of Virginia as a foreign business corporation and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

6.   Defendants The Brink's Company and Brink's Home Security, Inc. are hereinafter collectively referred to as "Brink's."

7.     Defendant ADT Security Services, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at One Town Center Road, Boca Raton, Florida 33431-0835.  ADT Security Services, Inc. is registered to do business in the Commonwealth of Virginia as a foreign business entity, and its Registered Agent is CT Corporation System, 4701 Cox Rd., Suite 301, Glen Allen, Virginia 23060-6802. Defendant ADT Security Services, Inc. is hereinafter referred to as "ADT."

8.     Defendant DirecTV, Inc., is a corporation organized under the laws of the State of California with its principal place of business at 2230 East Imperial Highway, El Segundo, California 90245.   DirecTV, Inc. is registered to do business in the Commonwealth of Virginia as a foreign business corporation, and its Registered Agent is Corporation Service Company, 11 S. 12th Street, P.O. Box 1463, Richmond Virginia 23218-0000. Defendant DirecTV, Inc. is hereinafter referred to as "DirecTV."

9.     Defendant Hewlett-Packard Company is a corporation organized under the laws of the State of Delaware with its headquarters at 3000 Hanover Street, Palo Alto, California 94304.   Defendant Hewlett-Packard Company is hereinafter referred to as "HP."  HP is registered to do business in the Commonwealth of Virginia as a foreign business corporation and its Registered Agent is CT Corporation System 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

10.  Defendant Canon U.S.A., Inc. is a wholly owned subsidiary of Canon, Inc., and is a New York corporation with its principal place of business at One Canon Plaza, Lake Success, New York 11042.  Canon U.S.A., Inc. is registered to do business in the Commonwealth of Virginia and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

3

11. Defendant Canon Business Solutions, Inc. is a wholly owned subsidiary of Canon U.S.A., Inc., is a New York corporation with its headquarters at 300 Commerce Square Boulevard, Burlington, New Jersey 0816. Defendant Canon Business Solutions, Inc. is registered to do business in the Commonwealth of Virginia and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

12. Defendant Canon Information Technology Services, Inc. is a wholly owned subsidiary of Canon U.S.A., Inc. and is incorporated under the laws of the Commonwealth of Virginia, with its principal place of business in this District at 850 Greenbrier Circle, Chesapeake, Virginia 23320.   Defendant Canon Information Technology Services, Inc. is registered to do business in the Commonwealth of Virginia and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

13. The Canon defendants are hereafter collectively referred to as "Canon."

## BACKGROUND

14. Rembrandt is the owner and successor in interest to a portfolio of patents that originated with Paradyne Corporation (a company which prior to September 1, 2005 had been a wholly-owned subsidiary of Paradyne Networks, Inc., and which prior to July 31, 1996 was part of AT&T Paradyne Corporation, a wholly owned subsidiary of Lucent Technologies Inc.). Paradyne for many years was a leading innovator in the field of modems and other high speed communications systems. Engineers at Paradyne have been awarded hundreds of patents, many of which reflect seminal developments in the

4

telecommunications field, including the patents here in issue. The patents here relate to dial-up communication systems.

15.  AOL reports that it is a leader in interactive services and operates one of the largest Internet access subscription services in the United States, and operates in the United States and internationally a leading network of web brands, offers free client software and services to users who have their own Internet connection and provides services to advertisers on the Internet. Historically, AOL's primary product has been an online subscription service providing dial-up Internet access for a monthly fee. Upon information and belief, AOL uses and supplies dial-up technology. As of December 31, 2006, AOL had 13.2 million access subscribers in the U.S. As of September 30, 2007, AOL had 10.1 million AOL brand subscribers in the U.S., which does not include registrations for the free AOL service. Defendant AOL was headquartered in Loudoun County, Virginia before it moved to New York. AOL continues to maintain offices and employees in Virginia. AOL offers its products and services to residents of Virginia.

16.  Cavalier offers 56k dial-up internet service, including added services such as Internet Caller, emails, ZoneAlarm® firewall products, McAfee SiteAdvisor™, FreeScan, World Virus Map, Virus Removal Tools, Security Advice Center, and Internet Connection Speedometer. These products and services have been provided to the residents of Virginia, and other areas covered by Cavalier, including the mid-Atlantic, Midwest and southeast regions where Cavalier serves six of the top 20 markets in the country.

17.  Brink's markets, installs, services and monitors security alarm systems throughout North America, serving more than 1.2 million customers in more than 250

5

metropolitan areas in all 50 states. Brink's reports that it is the second largest provider of security alarm monitoring services for residential and commercial properties in North America. Brink's primary customers are residents of single-family homes, which compose more than 90% of its subscriber base. Brink's also sells and services new home constructions (6% of customer base) and business customers (5% of customer base). Brink's installs its systems at customer locations and collects monthly subscription revenues for the services provided. Brink's installs high-quality security system components, which, upon information and belief, each containing dial-up technology, and which communicate with a centralized monitoring database housed in our state-of-the-art monitoring facilities. Through this platform, Brink's can remotely service a variety of customer requests without the necessity of a service trip to the site by a field technician.

18. ADT designs, sells, installs, services and monitors electronic security systems to residential, commercial, industrial and governmental customers. Upon information and belief, the electronic security systems contain dial-up technology. For the quarter ending in March 2008, ADT reported a total revenue of $1,031 million in product sales and services in the United States. ADT has offices at 3601 Eisenhower Ave., Alexandria, Virginia 22304, from which ADT offers security products and services to residents and businesses in Virginia.

19. DirecTV reports that it is the largest provider of direct-to-home, or DTH, digital television services and the second largest multichannel video programming distribution (MVPD) provider in the United States, in each case based on the number of subscribers. DirecTV's receiving equipment, which utilizes dial-up technology, is distributed to consumers through national retail and consumer electronics stores, satellite

television dealers, regional telephone companies, DirecTV's direct customer acquisition program and rural and urban dealer networks. DirecTV has a single operating segment with all revenues generated from U.S. based subscribers and customers. DirecTV offers products and services to Virginia residents and directs Virginia residents to specific third party retailers for purchase of the DirecTV products in Virginia.

20. HP reports that it is a leading global provider of products, technologies, software, solutions and services to individual consumers, small and medium sized businesses ("SMBs"), and large enterprises including the public and education sectors. These products and services contain and use dial-up technology. Hewlett-Packard markets and sells its products in Virginia, and has a factory located at 3900 Technology Court, Sandston, VA 2310.

21. Canon reports that it is one of the world's leading manufacturers of plain paper copying machines and digital multifunction devices. Canon's multifunction devices provide copying, printing, scanning, faxing and data-sharing functions on the Internet and intranets. Upon information and belief, Canon's products contain and use dial-up technology. Canon has a location at 850 Greenbrier Circle, Chesapeake, VA 23320, and are building a manufacturing facility in the Hampton Roads area of Virginia.

## JURISDICTION AND VENUE

22. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

23. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

24. Upon information and belief, each of the Defendants is either headquartered in Virginia, or conducts substantial business in this judicial district and regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district, and has committed acts of infringement in this judicial district and such acts are continuing. Because each of the Defendants has committed acts of patent infringement in this judicial district and/or is otherwise present and doing business in this judicial district, this Court has personal jurisdiction over all the Defendants for that reason.

25. Because Defendants have committed acts of patent infringement in this judicial district and because Defendants provide services and do business in this judicial district, and otherwise have minimum contacts here, venue is proper under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,602,869

26. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-25 of this Complaint.

27. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,602,869 entitled "Adaptive Transmit Levels For Modems Operating Over Cellular" (the "'869 patent").

28. The '869 patent was duly and legally issued by the United States Patent and Trademark Office on February 11, 1997.

29. Defendants provide and use dial-up products and/or services in this District and throughout the United States.

8

30. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the above patent by practicing or causing others to practice (by inducement and/or contributorially) the inventions claimed in the patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the patent by selling, offering for sale, importing, and/or using the claimed devices and practicing the claimed methods, and contributing to and inducing others to use the claimed devices and to practice the claimed methods, in conjunction with Defendants' dial-up products and/or services.

31. Upon information and belief, Defendants will continue to infringe the '869 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,251,236

32. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-25 of this Complaint.

33. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,251,236, entitled "Fractional Rate Modem With Trellis" (the "'236 patent").

34. The '236 patent was duly and legally issued by the United States Patent and Trademark Office on October 5, 1993.

35. Defendants provide and use dial-up products and/or services in this District and throughout the United States.

36. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the above patent by practicing or causing others to practice (by inducement and/or contributorially) the inventions claimed in the patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the patent by selling, offering for sale, importing, and/or using the claimed devices and practicing the claimed methods, and contributing to and inducing others to use the claimed devices and to practice the claimed methods, in conjunction with Defendants' dial-up products and/or services.

37. Upon information and belief, Defendants will continue to infringe the '236 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,311,578

38. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-25 of this Complaint.

39. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,311,578, entitled "Technique For Automatic Identification Of A Remote Modem" (the "'578 patent").

40. The '578 patent was duly and legally issued by the United States Patent and Trademark Office on May 10, 1994.

41. Defendants provide and use dial-up products and/or services in this District and throughout the United States.

42. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the above patent by practicing or causing others to practice (by inducement and/or contributorially) the inventions claimed in the patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the patent by selling, offering for sale, importing, and/or using the claimed devices and practicing the claimed methods, and contributing to and inducing others to use the claimed devices and to practice the claimed methods, in conjunction with Defendants' dial-up products and/or services.

43. Upon information and belief, Defendants will continue to infringe the '578 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S. C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO 5,844,944

44. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-25 of this Complaint.

45. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,844,944, entitled "Simultaneous Analog And Digital Communication Using Partitioning Of Bits Into Words" (the "'944 patent").

46. The '944 patent was duly and legally issued by the United States Patent and Trademark Office on December 1, 1998.

47. Defendants provide and use dial-up products and/or services in this District and throughout the United States.

48. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the above patent by practicing or causing others to practice (by inducement and/or contributorially) the inventions claimed in the patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the patent by selling, offering for sale, importing, and/or using the claimed devices and practicing the claimed methods, and contributing to and inducing others to use the claimed devices and to practice the claimed methods, in conjunction with Defendants' dial-up products and/or services.

49. Upon information and belief, Defendants will continue to infringe the '944 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that it have judgment against Defendants for the following:

(1) A decree that the Defendants have infringed the patents-in-suit;

(2) A permanent injunction enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in

12

association with them, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(3)   An award of damages;

(4)   An award of increased damages pursuant to 35 U.S.C. § 284;

(5)   An award of all costs of this action, including attorneys' fees and interest; and

(6)   Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

Respectfully Submitted,

Dated: September 26, 2008

By: _Virginia W. Hoptman_

Virginia W. Hoptman (VSB # 65565)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
8065 Leesburg Pike, Fourth Floor
Vienna, VA 22182
Telephone: (703) 790-3310
Facsimile: (703) 790-2623
Email: vhoptman@wcsr.com

George Pazuniak (DE Bar No. 478)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: gpazuniak@wcsr.com

Timothy G. Barber (NC Bar No. 12851)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Wachovia Center
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4900)
Facsimile: (704) 338-7839
Email: tbarger@wcsr.com
*Attorneys for Plaintiff Rembrandt Data Technologies, LP*

14