

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

REMBRANDT DATA TECHNOLOGIES, LP

    Plaintiff,

    v.

AOL. LLC, et. al.

    Defendants.

C.A. No. 1:08-cv-01009-GBL-IDD

## STIPULATED PROTECTIVE ORDER

Plaintiff Rembrandt Data Technologies, LP ("Rembrandt"), and Defendants[1] Cavalier Telephone, LLC ("Cavalier"); The Brink's Company, and Brink's Home Security, Inc. (collectively "Brink's"); ADT Security Services, Inc. ("ADT"); DIRECTV, Inc. ("DIRECTV"); Hewlett-Packard Company ("HP") (hereinafter, all defendants will be referred to collectively as "Defendants"), through counsel, stipulate to entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c).

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party") to any other party ("Receiving Party") in the course of this civil action:

    1.    This Order addresses the designation, production, and use of "Protected Information." For purposes of this Order, "Protected Information" is defined as all personal confidential information and all trade secrets and other confidential research, development, and

---

[1] AOL. LLC ("AOL"), Canon U.S.A., Inc., Canon Business Solutions, Inc. and Canon Information Technology Services, Inc. ("Canon") did not participate in the negotiation of these stipulations.

commercial information, including technical information, entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2.     The Producing Party may designate as "**Confidential**" any document, electronically stored information, tangible thing, testimony, or other discovery material ("Produced Materials") that the Producing Party believes in good faith constitutes, contains, or discloses its Protected Information. The methods for designating Confidential Information are set forth in Paragraph 6 herein.

3.     The Producing Party may designate as "**Highly Confidential**" any Produced Materials that constitute, contain, or disclose Protected Information comprised of source code listings, including any source code files and descriptions of the operation of the source code; object code listings and descriptions of the operation of the object code; technical information, including schematic diagrams, technical reference manuals, operations manuals, and other explanations of the operation of the technology or the accused products; and competitively sensitive financial information which could be used by another party in the suit to obtain a competitive advantage over the Producing Party. The methods for designating Highly Confidential Information are set forth in Paragraph 6 herein.

4.     All copies, recordings abstracts, excerpts, summaries, notes, analyses, or other derivations made of or from any Produced Material designated as Confidential or Highly Confidential shall be deemed Confidential or Highly Confidential, as they case may be, and subject to the same limitations and receive the same protections afforded the "original" designated Produced Material.

2

5.     The Receiving Party shall not disclose, disseminate, or use designated Protected Information except in accordance with the terms, conditions, and restrictions of this Order, and only for purposes of the litigation between the parties to this action.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

6.     The Producing Party shall designate Produced Materials Confidential or Highly Confidential as follows:

(a)     The Producing Party shall mark any document, electronically stored information, tangible thing, or other discovery material that constitutes, contains, or discloses Protected Information, by conspicuously affixing a legend, which includes the words "Confidential Information" or "Highly Confidential Information," as appropriate, on each page containing Protected Information at the time such documents, information, things or materials are produced or disclosed.  If the document, information, thing, or material is produced or disclosed in computer storage media, such as discs or tapes, the Producing Party shall affix the appropriate legend to the cover or container of the storage media.

(b)     The Producing Party may designate testimony or information disclosed at a deposition, including exhibits to the deposition, that contains or discloses Protected Information by indicating on the record at the deposition the portions of the testimony and/or exhibits which contain Confidential Information or Highly Confidential Information. Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Protected Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the

3

specific pages and lines of the transcript and/or the specific exhibits that contain Confidential Information or Highly Confidential Information. Regardless of whether designation is made at the time of a deposition, access to each deposition transcript (and the information contained therein including exhibits) in its entirety shall be limited to outside counsel of record from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this Paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(c)     The parties submit and the Court finds that there will be documents filed in this case that include confidential, proprietary, and commercially sensitive information that can be protected only by sealing the documents and those portions of the memoranda that discuss the documents. The Court finds that this information is of a private business nature and is not of great public interest. The parties agree to file redacted public versions of the memoranda. The Court in its sound discretion finds that the parties shall be permitted to file unredacted versions of the briefs and confidential documents under seal. *See, e.g., Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000). Accordingly, any pleading, paper, or other document filed in this Action that contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings that contain Confidential Information or Highly Confidential Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL – SUBJECT TO PROTECTIVE ORDER CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL."

4

(d)     If a party to this action or a nonparty from whom discovery is sought provides Produced Materials or files any materials with the Court that constitutes, contains, or discloses another party's Protected Information, the latter party may designate such Produced Materials or court filings as Confidential or Highly Confidential, consistent with the provisions of this Paragraph.

(e)     Designation of any Produced Material or any materials filed with the Court as containing or disclosing Confidential Information or Highly Confidential Information shall constitute a representation that a valid basis for such designation exists and that the Producing Party has maintained the confidentiality of the designated information.

7.     Subject to Paragraphs 9 and 10 herein, Produced Material marked or otherwise designated as **Highly Confidential Information** shall be maintained in confidence by the Receiving Party. The Producing Party's consent to show Highly Confidential Information to persons not listed in this Protective Order shall not be construed as a waiver of the Highly Confidential Information designation. Without written consent from the Producing Party, the Receiving Party shall not disclose Highly Confidential Information to any person except:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(b)     technical and damages experts (consulting and testifying) who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

5

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party, except that mock jurors shall be prohibited from retaining copies in any format of any information provided to them;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems or litigation databases or, to convert data for inclusion in such databases;

(e)     the parties' outside counsel of record in this case and their support staff;

(f)     when the Producing Party is the Plaintiff,

1.     two in-house counsel for each Defendant and their clerical and litigation support employees and paralegal assistants who are assisting in the prosecution, defense, and/or appeal of this case ("support staff");

2.     one officer level employee for each Defendant, and in the case of financial information, one-house financial analyst for each Defendant;

(g)     when the Producing Party is a Defendant,

1.     two in-house counsel for Plaintiff and support staff;

2.     one officer level employee for Plaintiff, and in the case of financial information, one-house financial analyst for Plaintiff; and

(h)     witnesses as described in Paragraph 16 herein.

8.     Subject to Paragraphs 9 and 10 herein, Produced Material marked or otherwise designated as **Confidential Information** shall be maintained in confidence by the Receiving

Party. The Producing Party's consent to show Confidential Information not listed in this Protective Order shall not be construed as a waiver of the Confidential Information designation. Without written consent from the Producing Party, the Receiving party shall not disclose Confidential Information to any person except:

      (a)    those persons to whom Highly Confidential Information may be disclosed under Paragraph 7 herein and

      (b)    two in-house counsel for each party and their support staff; and

      (c)    two officer level employees for each party.

    9.    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 7(b), 7(c), 7(d), 7(f), 7(g), 8(b) and 8(c) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. For individuals described in 7(d), one individual with authority to execute contracts for each service provider may sign on behalf of all employees and contractors of that service provider. In-house counsel under Paragraph 8(b) herein, may sign the undertaking on behalf of their respective support staffs. Outside Counsel for each party shall retain until the conclusion of this action and all appeals, the original signed undertakings required by this Paragraph for those persons to whom they or their client disclose Protected Information. When a Receiving Party desires to reveal or show Confidential Information or Highly Confidential Information to any individual described in subparagraphs 7(b), 8(b) and 8(c), such Receiving Party shall, at least five (5) business days prior to disclosure of the Confidential Information or Highly Confidential Information, provide to the Producing Party the name, title, and business

7

address of the individual to whom the Receiving party desires to reveal or show Confidential Information or Highly Confidential Information. Before individuals under subparagraph 7(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must also submit to the Producing Party the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience.

Within two (2) business days of receipt of such information, the Producing Party of such Confidential Information or Highly Confidential Information may object in writing to the disclosure of the Confidential Information or Highly Confidential Information. Any failure to object in writing within such period to the proposed disclosure of the Confidential Information or Highly Confidential Information shall be deemed to have consented by the Producing Party to such disclosure.

If an objection to the disclosure of such Confidential Information or Highly Confidential Information under this Paragraph is not resolved by the parties within two (2) business days of service of the written notice of objection, the Producing Party may file a motion with the Court for a protective order. If the second business day after the objection is a Monday, Tuesday, or Wednesday (that is not a public holiday), then the motion shall be filed by the Friday of that same week; if the second business day after the objection is a Thursday or Friday, then the motion shall be filed by Friday of the following week. If such a motion is filed, the disclosure of such Confidential Information or Highly Confidential Information shall be withheld pending the ruling of the Court on any such motion.

10.     The disclosure of the identity of an expert pursuant to this Order shall not constitute a waiver of any privilege or right to withhold from production any communications of

or with, or any work product of, a consulting expert. The parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the normal discovery rules applicable to consulting or testifying experts, except as specifically noted in Paragraph 19 herein, or in other agreements reached between the parties regarding such discovery.

11. A Receiving Party may not use another party's Highly Confidential Information in the preparation or prosecution of a patent or patent application. Any individual outside counsel of record, or persons authorized pursuant to Paragraphs 7(f) and 7(g) herein, who receives technical information designated Highly Confidential Information may not during the pendency of this case or within two years of its conclusion, including appeals (the "Prescribed Period"), participate in the prosecution of a patent or patent application for the Receiving Party or any and all related entities controlled by, controlling or under common control with the Receiving Party. If during the Prescribed Period, an individual outside counsel who receives technical information designated Highly Confidential Information participates in the prosecution of a patent or patent application for the Receiving Party or any and all related entities controlled by, controlling or under common control with the Receiving Party, then the Receiving Party and its successors, subsidiaries, parents, affiliates, and other persons or entities acting on its behalf, fully waive any and all rights to assert any resulting patent against the Party that produced the technical information designated Highly Confidential Information.

12. In addition to the other protections afforded Confidential Information or Highly Confidential Information in this Order, information or materials that contain, embody, or otherwise reflect a party's source code shall be provided the following further protections:

9

(a)      Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of an agreed-upon escrow agent (the "Escrow Agent").

(b)      Subject to subparagraphs (c) and (d) of this Paragraph, any source code produced in electronic form shall be stored and viewed only at the offices of the Escrow Agent on one or more stand-alone computers (computers that are not connected to any internal or external computer or computer network) and shall be maintained in a secured, locked area. No electronic copies of source code shall be made except that the Receiving Party's reviewers may create a back-up copy of the code on the stand-alone computers. The stand-alone computer shall include software utilities which will allow the Receiving Party's reviewers to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. The back-up copy of the code will remain on the stand-alone computers at all times and will be subject to all of the provisions of this Protective Order that govern source code. The Receiving Party shall maintain a log that identifies (i) the section or portion of the source code printed, (ii) the date the section or portion of the code was printed; and (iii) the bates range assigned to that section or portion of the source code. The parties agree that the presence of an Escrow Agent representative during the review of source code by the Receiving Party does not waive any attorney work product or other privilege that might otherwise be available to the Receiving Party.

(c)     The Receiving Party's reviewers may not include any employees of the Receiving Party without the consent of the Producing Party.  The Producing Party and the Receiving Party will negotiate consent in good faith.

(d)     The Receiving Party's reviewers may make a hard (non-electronic) copy of those portions of the code on which they are working and may take the hard copy from the offices of the Escrow Agent.  The Receiving Party and its reviewers must keep the hard copies of those portions of the code in a secured container at all times when not reviewing the code and may only review the code in a secure, private area.

(e)     Hard copies of the code may themselves not be copied except that outside counsel may make copies of the hard copies for use as exhibits in written discovery, expert reports, depositions, and court proceedings.  To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

(f)     The Receiving Party shall maintain a complete log of bates numbered pages printed, and shall produce such log at the time its expert reports are delivered which discuss the code.  The Receiving Party shall supplement the log, if necessary, in conjunction with each additional expert report that discusses the code.  The hard copies shall include bates numbers and Highly Confidential Information labels on each page.

(g)     Rembrandt and Defendants agree to split 50-50 the cost associated with using an escrow agent to store, protect, and allow review of the source code produced in this

11

case. A separate escrow agreement will be entered into with the Escrow Agent. The agreement will include, at least, the terms set forth in this Paragraph.

13.     Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.   Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

14.     Information in the public domain is not Protected Information and may not be designated as Confidential Information or Highly Confidential Information.  For example, this Order does not restrict any party or its counsel from using any information that (a) at the time of its disclosure in this action is already part of the public domain; (b) after its disclosure in this action becomes part of the public domain though no act, omission, or fault of the Receiving Party; (c) the Receiving Party, its outside counsel, or any expert retained by or for the Receiving Party had received at the time of the disclosure, or received thereafter, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; or (d) the Receiving Party, its outside counsel, or any expert retained by or for the Receiving Party, developed independently after the time of the disclosure by personnel who did not have access to the Producing Party's Protected Information. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in Paragraph 15 herein.

12

15. A party shall not be obligated to challenge the propriety of any Confidential Information or Highly Confidential Information designation at the time such designation is first made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party who challenges any designations shall first make its objection known to the Producing Party and request a change of designation. The parties shall try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) business days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

16. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning Confidential Information and Highly Confidential Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Confidential Information or Highly Confidential Information which has been produced by that party;

13

(b)       A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Confidential Information and Highly Confidential Information of which he or she has prior knowledge, including any Confidential Information and Highly Confidential Information that refers to matters of which the witness has personal knowledge, which has been produced by the Producing Party, and which pertains to the period or periods of the witness' employment; and

(c)       Non-parties may be examined or testify concerning any document containing Confidential Information or Highly Confidential Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

(d)       Any person other than the witness, his or her attorney(s), and any person qualified to receive Confidential Information or Highly Confidential Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of the undertaking attached hereto as Exhibit A, that he or she will comply with the terms of this Order and maintain the confidentiality of Confidential Information or Highly Confidential Information disclosed during the course of the examination. In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from

14

the Court prohibiting such attorney from disclosing such Confidential Information or Highly Confidential Information.

17.    Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

18.    Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity, is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity.  Likewise, the inadvertent or unintentional production of information without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claimed protection of the confidential nature of any such information.  Any party that inadvertently or unintentionally produces materials protected by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity, or inadvertently produces documents that should have been designated confidential may obtain the return of those materials by promptly notifying the Receiving Party in writing and providing a privilege log for

15

the inadvertently produced privileged materials. The Receiving Party shall gather and promptly return all copies of the privileged or confidential material to the Producing Party, except for any pages containing privileged markings by the Receiving Party, which pages shall instead be destroyed. The Receiving Party shall certify in writing that all copies of the privileged or confidential materials have been returned and/or destroyed. Privileged communications and work product of any attorney or party client herein with respect to this litigation that are dated on or after the date of the filing of the original Complaint need not be identified on any privilege log.

19.     Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, or outlines for draft reports are also exempt from production and discovery.   No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions or other materials to a testifying expert, who relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case.  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, or trial or deposition testimony, or any opinion in this case. Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

20.     Nothing in Paragraph 19 shall alter or change in any way the requirements in Paragraph 12 herein regarding printing of code, and Paragraph 12 shall control that issue.

21.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate Protected Information in the same manner as provided in Paragraph 6 herein and such designated Protected Information shall receive the same level of protection under this Protective Order. A nonparty's use of this Protective Order to protect its own information does not entitle that nonparty access to Confidential Information or Highly Confidential Information produced by any party in this case.

22.    In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose material that is designated as Confidential Information or Highly Confidential Information by a Producing Party, the party subpoenaed or served, in accordance with this Paragraph, shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential Information or Highly Confidential Information take action against a Receiving Party covered by this Order to enforce such a subpoena, demand, or other legal process, the Receiving Party shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Protected Information covered by this Order.

23.    Nothing in this Order shall prohibit the transmission or communication of Confidential Information or Highly Confidential Information between or among qualified recipients.

24.     Within sixty (60) days after filing of the final judgment in this action, or, if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the election of the Receiving Party. If any Receiving Party elects to destroy Confidential Information and Highly Confidential Information, that party shall inform the Producing Party in writing that all such Protected Information has been destroyed.

25.     Notwithstanding the return or destruction requirement of Paragraph 24 herein, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, discovery response, or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies, of any expert report containing any Confidential Information or Highly Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

26.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.

18

27.    Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other additional relief as deemed appropriate by the Court.

28.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it had been "So Ordered."

29.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

30.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

31.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this 23rd day of December , 2008.

Ivan D. Davis
United States Magistrate Judge

19

CONSENTED TO:                                      Dated:  December 22, 2008

_____/s/_____                                 _____/s/_____
Virginia  W.  Hoptman  (VSB  #  65565)            Craig C. Reilly (VSB # 20942)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC             LAW OFFICES OF CRAIG C. REILLY
8065    Leesburg    Pike,    Fourth    Floor      111 Oronoco Street
Vienna, VA 22182                                   Alexandria, Virginia 22314
Telephone:  (703) 790-3310                         Telephone: (703) 549-5354
Facsimile:  (703) 790-2623                         Facsimile: (703) 549-2604
Email: vhoptman@wcsr.com                           Email:  craig.reilly@ccreillylaw.com
Attorneys for Plaintiff *Rembrandt Data*           Attorneys for *Defendant DirecTV, Inc.*
*Technologies, LP*


_____/s/_____                                 _____/s/_____
John A.C. Keith (VSB No. 14116)                    Charles R. Bruton (VSB No. 73802)
BLANKINGSHIP & KEITH PC                            BUCHANAN INGERSOLL
4020 University Dr                                 & ROONEY, PC
Suite 300                                          1737 King Street, Suite 500
Fairfax, VA 22030                                  Alexandria, VA 22314-2727
(703) 691-1235                                     Telephone: (703) 836-6620
Email: jkeith@blankeith.com                        Facsimile: (703) 836-2021
Attorneys  for  Defendant  *ADT  Security*        E-mail:  charles.bruton@bipc.com
*Services, Inc.*                                   Attorneys for Defendant *Cavalier Telephone,*
                                                   *LLC*

_____/s/_____                                 _____/s/_____
David M. Young (VSB No. 35997)                     Brian K. Andrea (VSB No. 74633)
GOODWIN PROCTER LLP                                HOWREY, LLP
901 New York Avenue, N.W.                          1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20001                             Washington, DC 20004
Telephone: (202) 346-4000                          Telephone: (202) 383-7174
Facsimile: (202) 346-4444                          Facsimile: (202) 318-3244
Email: dyoung@goodwinprocter.com                   Email:  andreab@howrey.com
Attorneys  for  Defendant  *Hewlett-Packard*      Attorneys   for   Defendants   *Brink's   Home*
*Company*                                          *Security, Inc. and the Brink's Company*

20