**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **REMBRANDT DATA TECHNOLOGIES, LP,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. 1:08-cv-1009 GBL/IDD |
| | ) |
| | ) |
| **v.** | ) **PUBLIC VERSION** |
| | ) |
| | ) |
| | ) |
| **AOL, LLC; CAVALIER TELEPHONE, LLC;** | ) |
| **THE BRINK'S COMPANY; BRINK'S HOME** | ) |
| **SECURITY, INC.; ADT SECURITY** | ) |
| **SERVICES, INC.; DIRECTV, INC.;** | ) |
| **HEWLETT-PACKARD COMPANY; CANON** | ) |
| **U.S.A., INC.; CANON BUSINESS** | ) |
| **SOLUTIONS, INC. and CANON** | ) |
| **INFORMATION TECHNOLOGY SERVICES,** | ) |
| **INC.** | ) |
| **Defendants.** | ) |

**HEWLETT-PACKARD COMPANY'S MOTION TO EXCLUDE THE TESTIMONY OF
PLAINTIFF'S DAMAGES EXPERT CHRISTOPHER BOKHART**

Pursuant to Fed. R. Civ. P. 26(a)(2)(C) and 37(c)(1), and Paragraph 4 of the Court's

Scheduling Order dated December 10, 2008 (as amended by the Court's Order of April 10,

2009), Defendant Hewlett-Packard Company ("HP") hereby moves to exclude Plaintiff's

putative damages expert, Christopher Bokhart, from offering expert testimony at trial in this

matter.

As grounds for this motion, HP states first that Mr. Bokhart's damages opinion in this

case is unsound and will not assist the trier of fact in determining a reasonable royalty rate for the

dial-up modem chips allegedly infringing the patents in suit. ██████████████████████

 Precedent is clear that a patentee is only entitled to the value of its patented component, and the one exception to that principle – the entire market value rule – is inapplicable here.

Second, if this Court does not exclude all of Mr. Bokhart's testimony, it should at a minimum exclude him from testifying concerning alleged damages prior to the date that the lawsuit was filed in this action. Mr. Bokhart's testimony on that subject has no basis in fact, as Rembrandt has come forward with no evidence that any owner or licensee of the patents in suit has ever marked its products in accordance with 35 U.S.C. § 287(a), and

Accordingly, as a matter of law there is no basis for damages prior to the date of filing (September 26, 2008), and Mr. Bokhart's testimony on this subject would not assist the jury to understand any fact in contention, the standard of Federal Rule of Evidence 702.

Wherefore, for the foregoing reasons and those contained in the accompanying memorandum in support, this Court should exclude plaintiff's damages expert Mr. Bokhart from testifying, either altogether based on his unsound methodology or with respect to pre-lawsuit damages based on Rembrandt's inability to prove marking or actual notice of infringement.

Dated:  May 5, 2009                     Respectfully submitted,


                                        By:        /s/ David M. Young
                                            David M. Young
                                            Virginia Bar No. 35997
                                            *Counsel for Hewlett-Packard Company*
                                            Goodwin Procter LLP
                                            901 New York Avenue, NW
                                            Washington, DC 20001
                                            Telephone: (202) 346-4000
                                            Facsimile: (202) 346-4444
                                            Email: dyoung@goodwinprocter.com

*Of Counsel*:
Jennifer A. Albert
Robert D. Spendlove
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jalbert@goodwinprocter.com
rspendlove@goodwinprocter.com

J. Anthony Downs
Lana S. Shiferman
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1450
Facsimile: (617) 523-1231
tdowns@goodwinprocter.com
lshiferman@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2009, I served the foregoing **PUBLIC VERSION OF DEFENDANT HEWLETT PACKARD COMPANY'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S DAMAGES EXPERT CHRISTOPHER BOKHART**, via email and ECF electronic filing to the following:

Virginia Whitner Hoptman
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
8065 Leesburg Pike
Tysons Corner, VA 22182-2738
(703) 790-3310
(703) 790-2623 Fax
vhoptman@wcsr.com
Counsel for Rembrandt Data Technologies, LP

George Pazuniak
James M. Lennon
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE  19801
(302) 252-4320
(302) 252-4330 Fax
gpazuniak@wcsr.com
jlennon@wcsr.com
Counsel for Rembrandt Data Technologies, LP

Charles Richard Bruton
Scott Lloyd Smith
Rajesh C. Noronha
BUCHANAN INGERSOLL & ROONEY PC (VA)
1737 King St., Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
(703) 836-2021 Fax
charles.bruton@bipc.com
lloyd.smith@bipc.com
rajesh.noronha@bipc.com
*Counsel for Cavalier Telephone, LLC*

Michael Harry Jacobs
Clyde Elbert Findley
William Jonathan Sauers
Michael J. Songer
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
(202) 624-2500
(202) 628-5116 Fax
mjacobs@crowell.com
cfindley@crowell.com
wsauers@crowell.com
msonger@crowell.com
*Counsel for Canon Business Solutions, Inc, Canon U.S.A., Inc. & Canon Information Technology Services, Inc.*

Craig Crandall Reilly
LAW OFFICE OF CRAIG C. REILLY
111 Oronoco Street
Alexandria, VA 22314
(703) 549-5354
(703) 549-2604 Fax
craig.reilly@ccreillylaw.com
*Counsel for DirecTV, Inc.*

Alex Pilmer
Giam Nguyen
Kirkland & Ellis LLP
777 S. Figueroa St., Suite 3700
Los Angeles, CA 90017
(213) 680-8405
(213) 680-8500
DirecTV_Rembrandt_OC@Kirkland.com
*Counsel for DIRECTV, Inc.*

By: _____/s/ David M. Young_____

David M. Young
Virginia Bar No. 35997
*Counsel for Hewlett-Packard Company*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com