IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Rembrandt Data Technologies, LP, </br>       Plaintiff, </br></br> v. </br></br> AOL, LLP, et al., </br>       Defendants. | ) </br> ) </br> ) </br> ) </br> ) Case No. 1:08cv1009 (GBL) </br> ) </br> ) </br> ) |

**ORDER**

THIS MATTER is before the Court on Defendants Canon U.S.A., Inc., Canon Business Solutions, Inc., and Canon Information Technology Services, Inc.'s Motion for Summary Judgment of Exhaustion, Non-Infringement and Invalidity (#376). There are four issues before the Court. The first issue is whether after the divestiture of Rockwell, the license granted in the AT&T-Rockwell agreement belonged to Boeing or New Rockwell, and if it belonged to New Rockwell, whether the modems at issue qualify as "Licensed Products". The second issue is whether the V.34 standard reads on the '578 patent, and whether a comparison between the patents-in-suit and the V.34 standard instead of the actual accused products is sufficient for Rembrandt to carry its burden of proof at trial. The third issue is whether the error in claim 3 of the '236 patent constitutes a typographical error that may be corrected by the Court, and if not, whether the patent is fatally flawed for mixing apparatus and method claims. The fourth issue is whether the claims in the '236 patent are indefinite for failing to disclose structures that correspond to

the function set forth the claims. It is hereby

ORDERED that Defendants' Motion for Summary Judgment based on the AT&T-Rockwell License is GRANTED because following the distribution of Old Rockwell, the license was obtained by New Rockwell pursuant to the Plan of Distribution as an asset of the Semiconductor Systems Business, and Conexant (who provides the modems in Defendants accused devices) was properly sublicensed under the agreement. It is further

ORDERED that the Motion for Summary Judgment as to the invalidity of the '236 Patent is GRANTED because it would be improper for the Court to make the requested edit to claim 3, the claim is therefore invalid for mixing method and apparatus claims, and claims 4 through 11 that depend on claim 3 are thus invalid as well. Furthermore, the '236 patent is invalid for failing to disclose the necessary algorithms. It is further

ORDERED that the Motion for Summary Judgment with respect to the '578 Patent is DENIED because Plaintiff could conceivably carry its burden at trial based on circumstantial evidence.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 17th day of June, 2009.

Alexandria, Virginia
06/ 17 /09

/s/
Gerald Bruce Lee
United States District Judge