IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| REMBRANDT DATA TECHNOLOGIES, LP, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:08-cv-1009 GBL/IDD |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AOL, LLC; CAVALIER TELEPHONE, LLC; | ) | **REDACTED VERSION** |
| THE BRINK'S COMPANY; BRINK'S HOME | ) | |
| SECURITY, INC.; ADT SECURITY | ) | |
| SERVICES, INC.; DIRECTV, INC.; | ) | |
| HEWLETT-PACKARD COMPANY; CANON | ) | |
| U.S.A., INC.; CANON BUSINESS SOLUTIONS, | ) | |
| INC. and CANON INFORMATION | ) | |
| TECHNOLOGY SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**HEWLETT-PACKARD COMPANY'S MEMORANDUM IN SUPPORT OF ITS
MOTION _IN LIMINE_ TO PRECLUDE PLAINTIFF FROM OFFERING OPINION
TESTIMONY FROM MR. ARONSON AND TO PRECLUDE DR. GOLDSTEIN FROM
RELYING UPON MR. ARONSON'S REPORTS OR OPINIONS**

Defendant Hewlett-Packard Company ("HP") respectfully submits this Memorandum in
support of Its Motion _in Limine_ to Preclude Plaintiff From Offering Opinion Testimony From
Mr. Aronson and to Preclude Dr. Goldstein From Relying Upon Mr. Aronson's Reports or
Opinions.

It is fundamental that expert testimony is admissible only if it is grounded in the methods
and procedures of science, has proper foundation in the law, and is reliable.  Fed. R. Evid. 702.
Moreover, expert testimony that is cumulative of other expert testimony may be precluded.  Fed.
R. Evid. 403.  Plaintiff's expert Mr. Barry Aronson rendered initial "infringement" reports on

May 22 relating to LSI modems ("May 22 Report") and May 27 relating to Conexant modems

("May 27 Report").  He then supplemented these initial reports on June 6, 2009.  Although Mr.

Aronson has styled these reports as "infringement" reports, he fails to perform his own

independent analysis of infringement.  As he stated in his Report, ███████████████████

███████████████████████████████  *See* May 22 Report at 9 (attached as Ex. 1 to the

Declaration of David M. Young ("Young Dec.") submitted herewith).  Instead, Mr. Aronson

███████████████████████████  *Id*.  He then purports to offer a concurrence with Dr.

Goldstein's assessment of the patents and the infringement of those patents.  May 22 Report at 5

(Ex. 1 to Young Dec.).  This type of bootstrapped opinion is wholly improper, cumulative, and

an inappropriate use of judicial resources and time and, thus, should be excluded.

HP also seeks an order precluding Plaintiff's infringement expert Dr. Yuri Goldstein

from relying in any way on Mr. Aronson's opinions and report regarding the source code for the

accused modems.  Dr. Goldstein acknowledged in his deposition that he did not review any of

the source code for the accused products.  Moreover, neither Dr. Goldstein's report nor his

declarations make reference to Mr. Aronson's opinions concerning the source code.  Rembrandt

never supplemented Dr. Goldstein's report to refer to Mr. Aronson's findings or to indicate that

Dr. Goldstein relies upon them in any way.  Federal authority mandates that evidence or

testimony not timely disclosed in an expert report be excluded at trial.

## I.    BACKGROUND FACTS

As the Court is aware, Rembrandt accuses Defendant HP of infringing various claims of

the '578 patent.  Rembrandt retained Dr. Yuri Goldstein to provide expert opinions and

testimony regarding the alleged infringement.  Dr. Goldstein issued his Infringement Expert

Report on March 20, 2009, the date set forth in the Court's scheduling order for submission of

initial reports of the parties' experts.  Dr. Goldstein's Report contains a claim-by-claim, element-by-element analysis of Rembrandt's infringement theories, based upon his underlying allegation

████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████ (Ex. 2 to Young Dec.).  However, Dr. Goldstein admitted that, in formulating

his opinions, he did not review or consider the actual source code used in the modems

incorporated into the Defendants' products.  *See* Transcript of Deposition of Yuri Goldstein,

Ph.D. taken on May 27, 2009 ("Goldstein Dep.") at 64:13-65:3 (Ex. 3 to Young Dec.).

More than two months after the Court's deadline for initial reports, on May 22 and May

27, Plaintiff's expert Mr. Aronson submitted purported initial Infringement Reports directed to

analysis of the source code used in the accused LSI modems (May 22 Report) and accused

Conexant modems (May 27 Report).  He then supplemented both of these reports on June 6.

Although Mr. Aronson labeled these reports as "Infringement" Reports, he made clear that he did

not perform his own independent analysis of infringement: ██████████████████████

████████████████████████████████ May 22 Report at 9. (Ex. 1 to Young Dec.)  Instead,

he states that he ████████████████████████ *Id.*  He then purports to offer a

concurrence and substantiation of Dr. Goldstein's conclusions.  May 22 Report at 5, 8.

Mr. Aronson's purported "Infringement" Reports do not contain any evaluation of claim

construction, which is the first step in a legally-proper infringement analysis.  Nor do the Reports

provide any analysis concerning how identified sections of LSI or Conexant source code satisfy

the patent claim limitations.  Mr. Aronson acknowledged in his deposition that a detailed claim

construction and infringement analysis was beyond the scope of the tasks to which he was

assigned.  Transcript of Deposition of Barry Aronson - LSI, June 11, 2009 ("Aronson LSI Dep.")

at 9:6-15:8 (Ex. 4 to Young Dec.).

In contrast, Dr. Goldstein purported to conduct a claim-by-claim, element-by-element

analysis of Rembrandt's infringement theories, although he acknowledged that he did not review

the source code associated with the accused products.  Goldstein Dep. at 64:13-65:3 (Ex. 3 to

Young Dec.).  Moreover, Dr. Goldstein's Report makes no reference to Mr. Aronson's analysis

of the source code for the accused products.  Nor did Dr. Goldstein supplement his Report to

reference Mr. Aronson's analysis.

## II.     ARGUMENT

### A.     Mr. Aronson's "Infringement" Opinions Should be Excluded

Rule 702 of the Federal Rules of Evidence states that expert opinion testimony is

admissible only if it helps the judge or jury understand the facts:  "If scientific, technical, or

other specialized knowledge will assist the trier of fact to understand the evidence or to

determine a fact in issue, a witness qualified as an expert… may testify thereto in the form of an

opinion."  Significantly, "[t]he adjective 'scientific' implies a grounding in the methods and

procedures of science.  Similarly, the word 'knowledge' connotes more than subjective belief or

unsupported speculation."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-90

(1993) ("Daubert").  "Indeed, the Supreme Court has charged trial judges with the responsibility

of performing a gate-keeping function to ensure that all expert testimony, including scientific

testimony, is not only relevant, but also ***reliable***.  *See Kumho Tire Co., Ltd. v. Carmichael*, 526

U.S. 137, 147 (1999) (extending the basic gate-keeping obligation for 'scientific' testimony

established in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993), to all expert

testimony)."  *Biovail Corp. Int'l v. Andrx Pharm., Inc.*, 239 F.3d 1297, 1303 (Fed. Cir. 2001)

(emphasis added).

Any opinion testimony by Mr. Aronson in this case concerning infringement by the modems whose source code he reviewed would clearly be outside permissible grounds.  Mr. Aronson himself admitted that he did not do a proper infringement analysis.  His purported "infringement" opinions – to the extent he has any— thus cannot be grounded in methods and procedures of science nor are they founded upon the appropriate legal principles.  Here is the relevant testimony from his deposition:



5
LIBW/1711496.1

███████████████████████

Aronson Dep. at 11:21-13:16 (Ex. 4 to Young Dec.).

Thus, Mr. Aronson's opinions lack the proper foundation in the law.  To allow Mr. Aronson to testify as to infringement, or to testify somehow that his opinions or his review of the source code "supports" a finding of infringement, where such an opinion has no proper legal or factual foundation, would be unfairly prejudicial to HP and would only confuse the jury. Because Mr. Aronson's opinions lack the proper legal foundation, they should be excluded. *See Hebert v. Lisle Corp.*, 9 F.3d 1109, 1117 (Fed. Cir. 1996).

There is another basis supporting the exclusion of Mr. Aronson's testimony.  Expert testimony that is merely cumulative of other expert testimony may be precluded.  Fed. R. Evid. 403.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by … considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  *Id.  See also Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 335 (4th Cir. 2001) (upholding the exclusion of a plan that cited and summarized other reports that had been admitted into evidence); *Bostick Oil Co. v. Michelin Tire Corp.*, 702 F.2d 1207, 1221 (4th Cir. 1983) (upholding the disallowance of cumulative evidence).

Trial courts have broad discretion to prevent the introduction of cumulative evidence. The United States Supreme Court has noted that a "District Court retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative, and in requiring that which is to be brought to the jury's attention to be done so in a manner least likely to confuse that body."  *Hamling v. United States*, 418 U.S. 87, 127 (1974).  This power to exclude evidence is widely used to prevent unnecessarily cumulative expert testimony.  *See, e.g., Coles v. Jenkins*, 34 F. Supp.2d 381, 383 (W.D. Va. 1988) (preventing the cumulative testimony of three expert witnesses); *Nationwide Mut. Ins. Co. v. LaFarge Corp.*, 1994 U.S. Dist. LEXIS 3851, at

\*6 (D. Md. 1994) (disallowing multiple experts to opine on the same topic) (unpublished) (attached as Ex. 5 to Young Dec.).

Dr. Goldstein's claim-by-claim, element-by-element opinions on alleged infringement are set forth in his March 20 Report.  Mr. Aronson does not offer his own infringement opinions and instead adopts Dr. Goldstein's opinions on these issues.  May 22 Report at 9.

Although Mr. Aronson did not perform an infringement analysis, he purports to ███ ████████████████████████████████████████████ ████████████████ May 22 Report at 5 (Ex. 1 to Young Dec.).  Such concurring opinions are entirely cumulative of those rendered by Dr. Goldstein, and are themselves without foundation for the reasons already stated, *i.e.*, that Mr. Aronson failed to perform his own infringement analysis and relies entirely upon Dr. Goldstein's opinions.

**B.     Dr. Goldstein Should be Precluded From Providing Testimony at Trial Not Previously Disclosed in his Report**

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert witness to provide a report containing, among other things:  (1) a complete statement of all opinions to be expressed by the expert witness; (2) the basis and reasons for all such opinions; (3) the data or other information considered by the expert witness in forming the opinions; and (4) any exhibits to be used as a summary of, or support for, the opinions.  Fed. R. Civ. P. 26(a)(2)(B).  These rules of expert disclosure are designed to allow an opponent the opportunity to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts.  *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 598 (4th Cir. 2003).

To prevent a party from neglecting its disclosure duties, the Federal Rules of Civil Procedure also provide that any testimony not properly disclosed in a Rule 26 expert report shall not be admissible as evidence at trial.  *See* 1993 Amendments to Fed. R. Civ. P. 37(c)(1)

("Paragraph (1) prevents a party from using as evidence any evidence, witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)"); *see* also *Southern States Rack and Fixture*, 318 F.3d at 595-96 (affirming the district court's decision to exclude testimony from one of Southern States' witnesses concerning a new opinion that the expert formed during trial:  "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial… any witness or information not so disclosed."). Compliance with Rule 26(a)(2) is thus a condition precedent to the use of expert testimony at trial.  *See*, *e.g.*, *Grajales-Ramero v. American Airlines, Inc*., 194 F.3d 288 (1st Cir. 1999); *see also Harlow v. Eli Lilly & Company*, 1995 WL 319728 at *2 (N.D. Ill. 1995).

HP asks the Court to limit Dr. Goldstein to only those opinions given in his expert report and declarations.  Thus, Dr. Goldstein should be precluded from commenting or relying on the source code for the accused modems or on Mr. Aronson's analysis of the source code as he failed to consider the source code in his Report and declarations and made no reference to Mr. Aronson's analysis in his Report or declarations.

## III.    CONCLUSION

For the reasons stated above, Defendant HP asks the Court to preclude Rembrandt from offering opinions of Mr. Aronson on infringement issues, since his opinions are unreliable and, moreover, entirely cumulative of Dr. Goldstein's opinions.  HP also asks that the Court preclude Rembrandt from offering opinions of experts that are not disclosed in their expert reports or stipulated-to declarations, particularly any opinions by Dr. Goldstein regarding the source code for the accused modems.  A proposed Order is submitted with this Motion.

Dated:  June 19, 2009

Respectfully submitted,

By: _____/s/_____
David M. Young
Virginia Bar No. 35997
*Counsel for Hewlett-Packard Company*
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  2001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com

Of Counsel:
Jennifer A. Albert
Robert D. Spendlove
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  2001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

J. Anthony Downs
Lana S. Shiferman
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

LIBW/1711496.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of JUNE, 2009, I will electronically file the foregoing

**(PUBLIC VERSION) HEWLETT-PACKARD COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING OPINION TESTIMONY FROM MR. ARONSON AND TO PRECLUDE DR. GOLDSTEIN FROM RELYING UPON MR. ARONSON'S REPORTS OR OPINIONS**

with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following  counsel. In addition, I certify counsel for Hewlett-Packard will serve the following counsel a copy of this filing via email:

Virginia Whitner Hoptman
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
8065 Leesburg Pike
Tysons Corner, VA 22182-2738
(703) 790-3310
(703) 790-2623 Fax
vhoptman@wcsr.com
*Counsel for Rembrandt Data Technologies, LP*

George Pazuniak
James M. Lennon
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE  19801
(302) 252-4320
(302) 252-4330 Fax
gpazuniak@wcsr.com
jlennon@wcsr.com
*Counsel for Rembrandt Data Technologies, LP*

Charles Richard Bruton
Scott Lloyd Smith
Rajesh C. Noronha
BUCHANAN INGERSOLL & ROONEY PC (VA)
1737 King St., Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
(703) 836-2021 Fax
charles.bruton@bipc.com
lloyd.smith@bipc.com
rajesh.noronha@bipc.com
*Counsel for Cavalier Telephone, LLC*

Michael Harry Jacobs
Clyde Elbert Findley
William Jonathan Sauers
Michael J. Songer
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
(202) 624-2500
(202) 628-5116 Fax
mjacobs@crowell.com
cfindley@crowell.com
wsauers@crowell.com
msonger@crowell.com
*Counsel for Canon Business Solutions, Inc, Canon U.S.A., Inc. & Canon Information Technology Services, Inc.*

Craig Crandall Reilly
LAW OFFICE OF CRAIG C. REILLY
111 Oronoco Street
Alexandria, VA 22314
(703) 549-5354
(703) 549-2604 Fax
craig.reilly@ccreillylaw.com
*Counsel for DirecTV, Inc.*

Alex Pilmer
Giam Nguyen
Kirkland & Ellis LLP
777 S. Figueroa St., Suite 3700
Los Angeles, CA 90017
(213) 680-8405
(213) 680-8500
DirecTV_Rembrandt_OC@Kirkland.com
*Counsel for DIRECTV, Inc.*

By:      _____/s/_____
         David M. Young
         Virginia Bar No. 35997
         *Counsel for Hewlett-Packard Company*
         Goodwin Procter LLP
         901 New York Avenue, NW
         Washington, DC 20001
         Telephone: (202) 346-4000
         Facsimile: (202) 346-4444
         dyoung@goodwinprocter.com

2