**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **REMBRANDT DATA TECHNOLOGIES, LP,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 1:08-cv-1009 GBL/IDD |
| ) | |
| ) | |
| v. ) | PUBLIC VERSION |
| ) | |
| ) | |
| ) | |
| ) | |
| **AOL, LLC; CAVALIER TELEPHONE, LLC;** ) | |
| **THE BRINK'S COMPANY; BRINK'S HOME** ) | |
| **SECURITY, INC.; ADT SECURITY** ) | |
| **SERVICES, INC.; DIRECTV, INC.;** ) | |
| **HEWLETT-PACKARD COMPANY; CANON** ) | |
| **U.S.A., INC.; CANON BUSINESS** ) | |
| **SOLUTIONS, INC. and CANON** ) | |
| **INFORMATION TECHNOLOGY SERVICES,** ) | |
| **INC.** ) | |
| **Defendants.** ) | |

**HEWLETT-PACKARD COMPANY'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CERTAIN OPINION TESTIMONY FROM REMBRANDT**

Hewlett-Packard Company ("HP") submits this Memorandum in support of its Motion in Limine to Exclude Certain Opinion Testimony by Rembrandt witnesses. Two types of opinion testimony are at issue in this motion: (i) opinions by experts that are not set forth in expert reports or declarations that the parties have stipulated can be treated as expert reports,[1] and (ii) opinions by lay witnesses based on scientific, technical, or other specialized knowledge and are not based on a "perception of the witness." Both of these types of opinion testimony by

---

[1] In the Stipulation and Order entered by the Court on June 4, 2009, the parties stipulated that certain declarations of disclosed experts are not objectionable on the grounds that they were not presented in the form of expert reports pursuant to Fed. R. Civ. P. 26(a)(2). Agreed Order ¶ 5 [Dkt. No. 441].

Rembrandt witnesses are improper and should be precluded. One specific type of testimony that should be excluded is an opinion by a Rembrandt witness as to what the witness now believes is the meaning of a term or provision of the 1991 License Agreement between HP and AT&T. Whether or not a particular modem sold in 2009 complies with a definition in that Agreement is not an opinion based on the "perception of the witness." It might be a subject upon which an expert could opine—*see Hirst v. Inverness Hotel Cop.*, 544 F.3d 221, 227 (3d Cir. 2008)—but Rembrandt's experts did not offer opinions on this issue in their expert reports.

## BACKGROUND FACTS

As the Court may recall, Rembrandt argued in its opposition to HP's summary judgment motion on licensing[2] that modems and HP's products containing modems were excluded from the license granted by AT&T to HP because those products allegedly fall within the definition of "Telephone Station System," and were thereby excluded from any license to HP. The definition of "Telephone Station System" requires among other things that a "Telephone Station System" be "an instrumentality or an aggregate of instrumentalities of a design *primarily adapted* for (i) producing signals representative of sounds, or (ii) producing sounds from signals of the type specified in (i), or (iii) performing any combination of the functions (i) and (ii), and being further adapted for use with a telephone network system for transmitting and receiving such sounds between and among users of the network." *See* Patent License Agreement between American Telephone and Telegraph Company and Hewlett-Packard Company, Nov. 1, 1989, at 12 (attached as Ex. 1 to the Declaration of David M. Young ("Young Decl.") submitted herewith) (emphasis added). Such a definition turns on the primary function of an instrumentality, the type of signals that are produced by that instrumentality, and what those signals represent. The

---

[2] Rembrandt's Opposition to Hewlett Packard Company's Motion for Summary Judgment Based on License and Exhaustion Defenses [Dkt. No. 303].

meaning of those definitions is not a proper subject of lay opinion testimony. It is based on "scientific, technical, or other specialized knowledge within the scope of Rule 702."

However, Rembrandt has never submitted any expert report or disclosed any expert opinion testimony on the issue of whether modems or HP's products containing modems meet the definition of "Telephone Station Systems" (or are the subject of other exclusions from the HP-AT&T License Agreement for "Radiated Wave Communications Systems" and "Central Switching Systems").[3] Rembrandt's expert Dr. Heegard did provide an affidavit in connection with Rembrandt's opposition to HP's summary judgment motion opining that two modems combined together might fit the definition of a "Communication Network System,"[4] but he did not provide any opinion that HP's products or modems meet the definition of a "Telephone Station System," "Central Switching System" or "Radiated Wave Communication System." Dr. Heegard testified:



---

[3] "Radiated Wave Communication System" is defined as "any instrumentality primarily adapted to produce, relay or receive radiated signals, such instrumentality being further adapted for use with a network system, which includes voice transmission or reception or which includes long distance (greater than a metropolitan area network) data transmission or reception for transmitting and receiving such radiated signals between and among users of the network system." Exhibit 1, at 12. "Central Switching System" has a multi-part technical definition that appears at page 10 of Exhibit 1.

[4] Declaration of Dr. Chris Heegard in Opposition to Hewlett Packard Company's Motion for Summary Judgment Based on License and Exhaustion Defenses ¶ 7 [Dkt. No. 303-3]



Heegard Tr. at 157, 163 (Young Decl., Exhibit 2).

Moreover, no other Rembrandt expert has provided any opinion in any report that HP's products or modems meet the definition of "Telephone Station Systems" or any other exclusion from the

HP-AT&T License Agreement.

## ARGUMENT

**I. Opinion Testimony Outside the Scope of Rembrandt's Expert Reports Should Be Excluded.**

The first part of this motion in limine – i.e., a request for an order prohibiting Rembrandt from offering opinion testimony not disclosed in an expert report – should not be controversial. Rembrandt has identified only four expert witnesses in this case: Dr. Goldstein, Mr. Aronson, Dr. Heegard and Mr. Bokhart (on damages).[5] The universe of their expert reports and their stipulated-to affidavits is known.[6] The opinions they can offer at trial should be limited to the opinions disclosed in those documents.

Rule 26(a)(2) requires all expert opinion testimony be disclosed in expert reports. HP asks the Court to limit the testimony of Rembrandt's experts to only those opinions properly disclosed in their expert reports.

**II. The Court Should Preclude Rembrandt from Offering Lay Opinion Testimony Concerning Whether HP's Accused Products are Excluded from the HP-AT&T License Agreement**

The second part of this motion asks the Court to preclude any of Rembrandt's non-expert

---

[5] Pursuant to the parties' stipulation as approved by the Court, Rembrandt also has until June 19, 2009 to submit an expert report responsive to the inequitable conduct report of Mr. Nixon.

[6] Infringement Expert Report of Yuri Goldstein, Ph.D., dated March 20, 2009; Infringement Expert Report of Barry Aronson, dated April 24, 2009; Infringement Expert Report of Barry Aronson, dated May 22, 2009; Infringement Expert Report of Barry Aronson, dated May 27, 2009; Supplemental Infringement Expert Report of Barry Aronson Regarding LSI Modem Source Code Review, dated June 6, 2009; Supplemental Infringement Expert Report of Barry Aronson Regarding Conexant Modem Source Code Review, dated June 6, 2009; Rebuttal Expert Report of Dr. Chris Heegard, dated March 24, 2009; Expert Report of Christopher J. Bokhart, dated March 3, 2009; Rembrandt's Declarations of Barry Aronson, dated April 9, 2009 and May 18, 2009; Rembrandt's Declarations of Chris Heegard, dated March 29, 2009, May 4, 2009 and May 26, 2009; and Rembrandt's Declarations of Yuri Goldstein, Ph.D., dated March 11, 2009, May 1, 2009, and May 18, 2009.

witnesses from testifying as to any opinions that are not within the scope of Rule 701 of the Federal Rules of Evidence. Rule 701 permits lay opinion testimony only if the testimony is "limited to those opinions or inferences which are *(a) rationally based on the perception of the witness*, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, *and (c) not based on scientific, technical or other specialized knowledge* within the scope of Rule 702." (Emphasis added.) The Comments to Rule 701 state:

> "[A] witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. … By channeling testimony that is actually expert testimony to Rule 702, the amendment [to Rule 701] also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 … by simply calling an expert witness in the guise of a layperson. …
>
> The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." [Notes to 2000 Amendment to Fed. R. Evid. 701.]

The Comments state that the Rule distinguishes between expert and lay *testimony*, not expert and lay *witnesses*. The Comments explain that whenever testimony is based on scientific, technical or other specialized knowledge, it is subject to Rule 702 (not Rule 701) and to the disclosure requirements of Fed. R. Civ. P. 26. Courts have repeatedly applied Rule 701 to exclude improper lay opinion testimony on technical issues. *See, e.g., U.S. v. Testerman*, 263 Fed. Appx. 328, 332 (4th Cir. 2008) ("The evidence, consisting of alleged special computer knowledge, further was properly excluded under Rule 701, which 'forbids the admission of expert testimony dressed in lay witness clothing.'") (quoting *United States v. Perkins*, 470 F.3d 150, 156-57 (4th Cir. 2006)); *McCrary v. New Jersey Transit Rail Operations, Inc.*, Civil Action No. 05-88, 2008

WL 2885872, at *4 (D.N.J. July 23, 2008) (precluding lay witness testimony on the effect of using certain types of train cars on the train's ride or braking system because it was a specialized and technical issue); *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F. Supp. 2d 155, 157 (D. Mass. 2005) (striking lay witness testimony because it contained opinions based on technical and specialized knowledge).

In accordance with Rule 701, HP asks the Court to preclude Rembrandt from offering any opinion testimony from a lay witness that is not based on the witness's perception of an occurrence or event, or is based on scientific or technical knowledge. Such excluded testimony would include, without limitation, any testimony on the topic of whether modems or products with modems meet any of the definitions of excluded products in the HP-AT&T License Agreement. For example, but without limiting the scope of the exclusionary order requested by this Motion, HP asks as the Court to exclude any lay opinion testimony concerning whether modems meet the definitions of a "Telephone Station System" or any other technical definition in the HP-AT&T License Agreement.

Rembrandt may attempt to cause two specific witnesses to offer improper lay opinion testimony on such topics: Raymond Reusser and John Garland. Neither of these witnesses were identified as experts by Rembrandt in this case. These witnesses are discussed separately below.

### A. The Court Should Exclude Any Lay Opinion Testimony from Mr. Reusser

First, any attempt by Rembrandt to offer Mr. Reusser's opinion concerning, for example, whether modems meet the definition of "Telephone Station Systems" should be precluded. Mr. Reusser was the principal negotiator for AT&T during the negotiation of the 1991 HP-AT&T License Agreement. He is a fact witness. He was never disclosed as an expert witness, and he did not submit any expert report in this case. At Mr. Reusser's deposition, Rembrandt's counsel

-8-

asserted that testimony that describes or characterizes a modem or the functioning of a modem is properly the subject of expert testimony, and Mr. Reusser acknowledged that he was not an expert with respect to modems, *viz*:



Reusser Depo. Tr. at 44-45 (Young Decl. Ex. 3) (emphasis in original). Rembrandt's counsel's objection to these questions on the ground that they "seek[] a technical opinion," confirms that questions as to what a modem is and what it does are technical issues that are not subject to lay opinion testimony. And, Mr. Ruesser's acknowledgement that he is not a modem expert would disqualify him from offering an expert opinion even if he had provided an expert report (which he did not).

Furthermore, when Mr. Reusser was questioned at his deposition about whether he had formulated an opinion as to whether HP's accused modems were excluded from the HP-AT&T License agreement pursuant to the definition of "Telephone Station Systems" or the other categories of excluded products, Mr. Reusser admitted that he had not formed such an opinion and could not do so without further study and analysis. As a result, it cannot be argued that Mr. Reusser is expressing opinions as a way of describing an event he witnessed.



---

[7] This is a reference to the Declaration of Raymond E. Reusser in Opposition to Hewlett Packard Company's Motion for Summary Judgment Based on License and Exhaustion Defenses submitted by Rembrandt in connection with its Opposition to HP's Motion for Summary Judgment. See Dkt. No. 303-4 (Young Decl. Ex. 6).



Reusser Depo. Tr. at 267-269 (Young Decl. Ex. 3).

The exclusion of any lay opinion testimony by Mr. Reusser about whether modems satisfy the technical definitions of excluded products in the HP-AT&T License Agreement, including the definitions of "Telephone Stations System" and "Radiated Wave Communication System," is proper for several reasons. First, an opinion by Mr. Reusser on whether a modem meets the definition of a "Telephone Station System" or a "Radiated Wave Communication

-10-

System" or some other exception to the AT&T License is an opinion based on "scientific, technical or other specialized knowledge within the scope of Rule 702." Rule 701 precludes "a lay witness [from] express[ing] an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Certain Underwriters at Lloyds, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (citations omitted). Indeed, a critical distinction between Fed. R. Civ. P. 701 and Fed. R. Civ. P. 702 testimony is that an expert witness "must possess some specialized knowledge or skill or education that is not in the possession of the jurors." *Id.* (quoting Redden & Salzburg, *Federal Rules of Evidence Manual* 225 (1975). In this case, Rembrandt has acknowledged that questions relating to what a modem is and what it does are properly the subject of expert testimony; and, Mr. Reusser has acknowledged that he is not technically qualified to render such an opinion.

Second, any lay opinion offered by Mr. Reusser about whether modem to fall within the Telephone Station System exclusion cannot be said to be "rationally based on the perception of the witness." Rule 701 incorporates the requirements of Rule 602, thus mandating that the witness satisfy the elements of proper sensory perception, comprehension, present recollection and ability to testify as to the matter perceived. *See KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1272 (M.D. Ala. 2001) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6254, at 126-27 (1997)). "A witness who cannot recall the matters perceived cannot offer any opinions, for his testimony would be little more than speculation or conjecture." *Id.* In this case, there is no "matter perceived" by Mr. Reusser about which Mr. Reusser could testify. Mr. Reusser repeatedly testified that he could not recall a single conversation regarding the question whether dial-up modems were covered by the 1991 License Agreement. *See* Reusser Tr. at 124:18-125:12, 126:7 – 126:11, 137:4-137:17, 201:15-201:22

(Young Decl. Ex. 3); *see also U.S. v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007) (finding that lay opinion testimony based in part on first-hand experience failed to be rationally based on facts the witness had observed because the witness could not offer concrete facts within his own observation and recollection); *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("[W]hen a witness has fully described what a defendant was in a position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will not often be 'helpful' within the meaning of Rule 701 because the jury will be in as good as a position as the witness to draw inferences as to whether or not the defendant knew."); *Rylott-Rooney v. Alitalia-Linee Aeree Italiane SpA*, No. 07-cv-11091, 2009 WL 37817, at *2 (S.D.N.Y. Jan 6, 2009) (finding opinion that employee was fired because of her age inadmissible because the witness "repeatedly stop[ped] short of making an fact-specific statement indicating when and how any member of [Defendant's] senior management communicated to him a directive to fire older workers.").

Third, Mr. Reusser's own personal opinion as to whether dial-up modems meet the definition of "Telephone Station System" or "Radiated Wave Communications System" or were otherwise excluded from the license granted to HP is irrelevant. *See Laywers Title Ins. Corp. v. U.S. Fidelity & Guar. Co.*, 122 F.R.D. 567, 569 (N.D. Cal. 1988) ("One problem with this line of argument is that under the objective theory of contract interpretation a party's (or its lawyer's) current opinion about the meaning of contract language that was drafted several years ago is not overwhelmingly important."). Mr. Reusser repeatedly testified that he had no recollection of ever telling HP during the HP-AT&T negotiations anything that resembled Mr. Reusser's personal opinion regarding modems or the application of a term of the HP-AT&T License Agreement to modems. *See* Reusser Tr. at 124:18-125:12, 126:7 – 126:11, 201:15-201:22

(Young Decl. Ex. 3). Therefore, opinions that Mr. Reusser did not express during contract negotiations are simply irrelevant. *See United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) ("The relevant intent is 'objective'—that is, the intent manifested in the agreement and by surrounding conduct—rather than the subjective beliefs of the parties. For this reason, the true intent of a party is irrelevant if it is unexpressed.") (applying California law); *see also* New York Pattern Jury Instruction Civil, PJI 4:1.1 (2009) ("A person's secret intent has no bearing; only the intent indicated by his words and acts may be considered.").

### B. The Court Should Exclude Any Lay Opinion Testimony by Mr. Garland

The Court should also exclude any attempt by Rembrandt to offer opinion testimony by Mr. Garland concerning whether modems in general or HP's products in particular, are excluded from the HP-AT&T License Agreement. Rembrandt submitted a declaration of Mr. Garland as part of its Opposition to HP's summary judgment motion on the licensing issue. See Dkt. No. 303-2 (Declaration of John Garland) (Young Decl. Ex. 4). Mr. Garland is an employee of the parent company of plaintiff Rembrandt. *Id.* at ¶ 8. Although he was previously an employee of AT&T, he was not involved in negotiating the HP-AT&T License Agreement. *Id.* ¶ 10. At paragraphs 12-16 of Mr. Garland's Declaration, Mr. Garland states his opinion that modems are excluded as "Telephone Station Systems," based reportedly on his "technical experience and personal knowledge of AT&T's licensing practices." *Id.* ¶ 16.

Any such an opinion by Mr. Garland should be excluded as improper lay opinion testimony. It is undisputed that Mr. Garland was not identified by Rembrandt as an expert in this case. *See* Plaintiff's First Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a) (identifying Mr. Garland as an individual that may have discoverable information with respect to

"Rembrandt's organizational structure, Rembrandt's acquisition of the patents-in-suit, Rembrandt's financial information, *historical* knowledge about AT&T and Paradyne licenses, and Rembrandt's licenses.") (emphasis added) (Young Decl. Ex. 5). Mr. Garland did not submit an expert report under Rule 26. His opinions – which by his own admission are based on his "technical experience" – are clearly inappropriate under Rule 701. Indeed, this is precisely the situation that Rules 701 and 702 is intended to address. A "lay" witnesses may not provide expert testimony without complying with the disclosure obligations of Rule 26. *See Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227 (3d Cir. 2008) ("Subsection (c) of Rule 701 was added to 'eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing' and to 'ensure[ ] that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 … by simply calling an expert witness in the guise of a layperson.'") (quoting Fed.R.Evid. 701 advisory committee's note.)

Moreover, Mr. Garland was not a participant in the negotiations of the 1991 HP-AT&T License Agreement. His own personal opinion as to what was or was not, excluded or intended to be excluded by the terms of an Agreement that he had no role in negotiating is irrelevant. *See King v. Rumsfeld*, 328 F.3d 145, 158 (4th Cir. 2003) (Gregory, J., concurring in part and dissenting in part) (cautioning that courts must be on guard to prevent "meaningless assertions which amount to little more than choosing up sides.") (cited by Rembrandt in Opposition to HP's Motion from Summary Judgment Based on License and Exhaustion Defenses).

## **CONCLUSION**

For all the reasons stated above, Defendant HP asks the Court to preclude Rembrandt from offering opinions of experts that are not disclosed in their expert reports or the affidavits

that the parties agree may be treated as expert reports, and also precluded from offering any lay opinion testimony, including testimony on the subject of whether modems generally or HP's modems in particular, meet the definitions of excluded products under the 1991 HP-AT&T License Agreement. A proposed order is submitted with this Motion.

Dated: June 19, 2009                    Respectfully submitted,

By:      /s/
David M. Young
Virginia Bar No. 35997
*Counsel for Hewlett-Packard Company*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
Email: dyoung@goodwinprocter.com

*Of Counsel*:
Jennifer A. Albert
Robert D. Spendlove
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jalbert@goodwinprocter.com
rspendlove@goodwinprocter.com

J. Anthony Downs
Lana S. Shiferman
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1450
Facsimile: (617) 523-1231
tdowns@goodwinprocter.com
lshiferman@goodwinprocter.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2009, I will electronically file the foregoing (Public Version)

**HEWLETT-PACKARD COMPANY'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CERTAIN OPINION TESTIMONY FROM REMBRANDT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

> Virginia Whitner Hoptman
> WOMBLE CARLYLE SANDRIDGE & RICE PLLC
> 8065 Leesburg Pike
> Tysons Corner, VA 22182-2738
> (703) 790-3310
> (703) 790-2623 Fax
> vhoptman@wcsr.com
>
> George Pazuniak
> James M. Lennon
> Anna Martina Linnea Tyreus
> Timothy G. Barber
> WOMBLE CARLYLE SANDRIDGE & RICE PLLC
> 222 Delaware Avenue, Suite 1501
> Wilmington, Delaware 19801
> Telephone: (302) 252-4320
> Facsimile: (302) 252-4330
> gpazuniak@wcsr.com
> jlennon@wcsr.com
> mtyreus@wcsr.com
> tim.barber@wcsr.com
>
> *Counsel for Rembrandt Data Technologies, LP*
>
> Charles Richard Bruton
> Scott Lloyd Smith
> Rajesh C. Noronha
> BUCHANAN INGERSOLL & ROONEY PC (VA)
> 1737 King St., Suite 500
> Alexandria, VA 22314-2727
> (703) 836-6620
> (703) 836-2021 Fax
> charles.bruton@bipc.com
> lloyd.smith@bipc.com
> rajesh.noronha@bipc.com
> *Counsel for Cavalier Telephone, LLC*

Michael Harry Jacobs
Clyde Elbert Findley
William Jonathan Sauers
Michael J. Songer
Crowell & Moring LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
mjacobs@crowell.com
cfindley@crowell.com
msauers@crowell.com
msonger@crowell.com
*Counsel for Canon Business Solutions, Inc., Canon U.S.A., Inc.,
and Canon Information Technology Services, Inc.*

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
craig.reilly@ccreillylaw.com

Alex Pilmer
Giam Nguyen
Kirkland & Ellis LLP
777 S. Figueroa St., Suite 3700
Los Angeles, CA 90017
DirecTV_Rembrandt_OC@Kirkland.com
*Counsel for DIRECTV, Inc.*

By: _____/s/_____
David M. Young
Virginia Bar No. 35997
*Counsel for Hewlett-Packard Company*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com